# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Petitioner,<br>v.<br>ADIL HIRAMANEK,<br>Respondent. | Case No. 17-cv-03389-BLF<br><br>**ORDER DENYING EXPEDITED REQUEST TO CORRECT THE MISUNDERSTOOD DOCKET # 21**<br><br>[Re: ECF 26] |

On June 30, 2017, Respondent Adil Hiramanek filed an "expedited request to correct the misunderstood docket # 21; alternatively request a CMC." Mot., ECF 26. In this request, Mr. Hiramanek essentially asks the Court to reconsider its prior order granting Respondent's request for clarification. ECF 22. Mr. Hiramanek indicates that the Court misunderstood his prior request because it issued an Order to Show Cause ("OSC") regarding the enforcement of the Internal Revenue Service ("IRS")'s summons rather than permitting an intervening response to the Government's petition. Mot. 1; *see* OSC, ECF 23. Given the posture of Respondent's paper, the Court construes it as a motion for leave to file a motion for reconsideration and the motion for reconsideration itself. Because Civil Local Rule 7-9(a) requires parties to obtain leave of Court before filing a motion for reconsideration, in this order, the Court addresses only the motion for leave to file a motion for reconsideration, which the Court DENIES.

Mr. Hiramanek's primary argument is that the Government's petition to enforce the IRS summons should be treated as a complaint, and therefore, he should be entitled to file an intervening response to the petition before any OSC is issued. Mot. 1. In part, Mr. Hiramanek relies on *Wild v. United States*, 362 F.2d 206, 209 (9th Cir. 1966). Respondent's reliance on *Wild*, however, is unavailing. In *Wild*, the Ninth Circuit affirmed the district court's order granting the

IRS's petition for enforcement of a summons. In so doing, the Ninth Circuit found that the appellants had not been denied their procedural rights where they had an opportunity to answer the petition and a hearing. 362 F.2d at 209; *see also United States v. Benoit*, No. 06CV657, 2006 WL 1867930, at *3 (N.D. Cal. May 26, 2006) (denying respondent's request for additional time to respond to the Government's petition to enforce an IRS summons where respondent filed a motion to dismiss in response to the petition because he "was provided with an opportunity to respond" to the petition through his motion to dismiss).

Here, the Court has afforded Mr. Hiramanek the same opportunity to respond to the petition and to have a hearing. *See generally* OSC (allowing Respondent to file a response to the petition at least 21 days before the hearing and setting a hearing on the OSC). At the August 10 hearing on the OSC, the Court will hear argument from both Petitioner and Respondent and determine whether the IRS summons should be enforced based upon that hearing and the submitted papers. And, Mr. Hiramanek has filed a motion to dismiss in a related case, which will also be heard on August 10, 2017.[1] *See United States v. Hiramanek*, No. 17-cv-3392, ECF 23.

Accordingly, Respondent has provided no adequate basis upon which the Court could grant his motion, and thus, the Court DENIES the motion.

**IT IS SO ORDERED.**

Dated: July 6, 2017

BETH LABSON FREEMAN
United States District Judge

---

[1] The Court has set a hearing on Respondent's motion to dismiss for August 10, 2017. *See* No. 17-cv-3392, ECF 25. Respondent's motion to dismiss will be heard along with the separate orders to show cause why the IRS summons should not be enforced. Mr. Hiramanek shall be prepared to respond to the Government's petitions to enforce the IRS summons as well as to discuss his motion to dismiss at the hearing.