# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA
# SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> v. <br><br> ADIL HIRAMANEK, <br><br> Defendant. | Case No. 17-cv-03389-BLF <br><br> **ORDER GRANTING RESPONDENT'S MOTION TO DISMISS** |

Before the Court is Respondent's motion to dismiss the Petition to Enforce Internal Revenue Service (IRS) Summons. ECF 31. The Court has considered the parties' briefing and oral argument presented at the hearing on August 10, 2017. For the reasons stated on the record and below, the Court GRANTS Respondent's motion to dismiss with leave to amend.

This case is one of two related cases brought by Petitioner the United States of America against Respondent to enforce two Internal Revenue Service administrative summonses. For purposes of clarity, the Court refers to the instant case, 17-cv-03389, as "Hiramanek 1." The Court refers to *United States of America v. Hiramanek*, 5:17-cv-03392 (N.D. Cal. filed June 12, 2017) as "Hiramanek 2." The United States initiated both actions on June 12, 2017. The Court issued orders to show cause ("OSC") why each respective summons should not be enforced on June 29, 2017. Hiramanek 1, ECF 23; Hiramanek 2, ECF 21. However, the Court discharged the OSCs without prejudice on July 26, 2017 due to the United States' failure to serve Respondent with the petition and show cause orders. Hiramanek 1, ECF 41; Hiramanek 2, ECF 34.

Respondent timely filed a motion to dismiss the petition in each action. Hiramanek 1, ECF 31; Hiramanek 2, ECF 23, 29. In Hiramanek 1, Respondent raises 15 grounds for dismissal, including lack of personal jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(2), insufficient service of process pursuant to Rule 12(b)(5), "lack of controversy and standing," and failure to state a claim for which relief can be granted pursuant Rule 12(b)(6). Hiramanek 1, ECF 31. Respondent further argues that the statute of limitations has expired, the IRS did not comply with authentication requirements, the IRS misused the summons to "trap Respondent criminally," the petition fails to meet the Supreme Court's *Powell* test to enforce an IRS summons,[1] the audit is premised on an unconstitutional law, the summons violated the ADA, the IRS agent obstructed justice, and repeat exams are impermissible. *Id.* Finally, Respondent requests an evidentiary hearing and to serve narrowly tailored discovery on the IRS. However, Respondent recognizes that many of his requests are "moot if court dismisses the case on any one of the prior independent grounds" for dismissal. *Id.* In Hiramanek 2, Respondent moves for dismissal on two grounds: lack of personal jurisdiction pursuant to Rule 12(b)(2), and insufficient service of process pursuant to Rule 12(b)(5). Hiramanek 2, ECF 23.[2]

The majority of Respondent's arguments in his motions generally pertain to issues that might be relevant to an opposition to an OSC. However, they do not speak to the infirmities of the underlying petitions at the motion to dismiss stage. The Court finds that the United States' petitions and supporting affidavits allege facts that set forth the requisite *prima facie* case under *United States v. Powell,* 379 U.S. 48, 57-58 (1964). Thus, staying within the four corners of the pleading, the Court finds no deficiency in the petitions.

As to his argument for lack of personal jurisdiction, Respondent contends that the underlying petitions were never served on him. The United States filed an opposition to Respondent's motion to dismiss in Hiramanek 2, ECF 27. The United States concedes that it has been unable to serve Respondent personally with the underlying petition in either case. *Id.* Thus,

---

[1] *See United States v. Powell,* 379 U.S. 48 (1964).
[2] Respondent also filed a Supplemental Motion to Dismiss in Hiramanek 2 which raised all of the grounds for dismissal discussed in the Hiramanek 1 motion to dismiss. Hiramanek 2, ECF 29.

2

the Court agrees with the parties that it lacks personal jurisdiction over Respondent.

The motion to dismiss is hereby GRANTED with leave to amend solely on the ground of lack of personal jurisdiction for failure to serve Respondent with the petitions. Respondent's motion to dismiss is DENIED on all other grounds.[3] The United States may file an amended OSC in each case on or before August 21, 2017. Furthermore, if the United States wishes to do so, it may amend the underlying petitions on or before August 21, 2017.

**IT IS SO ORDERED.**

Dated: August 11, 2017

_____
BETH LABSON FREEMAN
United States District Judge

---

[3] For the reasons stated on the record at the hearing, Respondent's evidence in his declarations and supplemental briefs is inappropriate on a Rule 12 motion, when the Court is limited to consideration of the four corners of the relevant pleading. This order is without prejudice to Respondent's right to offer evidence in opposition to a renewed OSC.